UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1845
(1:13-cv-00660-TDS-JEP)
(1:13-cv-00658-TDS-JEP)
(1:13-cv-00861-TDS-JEP)

LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; A. PHILIP RANDOLPH INSTITUTE; UNIFOUR ONESTOP COLLABORATIVE; COMMON CAUSE NORTH CAROLINA; GOLDIE WELLS; KAY BRANDON; OCTAVIA RAINEY; SARA STOHLER; HUGH STOHLER,

Plaintiffs,

and

LOUIS M. DUKE; CHARLES M. GRAY; ASGOD BARRANTES; JOSUE E. BERDUO; BRIAN M. MILLER; NANCY J. LUND; BECKY HURLEY MOCK; MARY-WREN RITCHIE; LYNNE M. WALTER; EBONY N. WEST,

Intervenors/Plaintiffs – Appellants,

v.

STATE OF NORTH CAROLINA; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina,

Defendants – Appellees.

**APPELLANTS' MOTION TO EXPEDITE APPEAL;
TO PROCEED ON THE ORIGINAL RECORD OR TO DEFER
FILING OF JOINT APPENDIX; AND TO SHORTEN RESPONSE
DEADLINES**

Appellants Louis M. Duke, Asgod Barrantes, Josue E. Berduo, Charles M. Gray, Nancy J. Lund, Brian M. Miller, Becky Hurley Mock, Mary-Wren Ritchie, Lynne M. Walter, and Ebony N. West move the Court as follows:

1. To expedite their appeal in the above-captioned matter and to adopt their proposed briefing schedule pursuant to 28 U.S.C. § 1657, Federal Rule of Appellate Procedure ("FRAP") 31(a)(2), and Fourth Circuit Local Rule 12(c);

2. To order that this appeal may proceed on the original record pursuant to FRAP 30(f) and Local Rule 30(d), or in the alternative, to order that preparation of the joint appendix may be deferred until after the parties' briefs have been filed, pursuant to FRAP 30(c);

3. To shorten Appellees' time period to respond to this Motion from the default time period of 10 days, to a shortened response deadline of 3 days, pursuant to FRAP 27(a)(3)(A); and

4. To the extent necessary to give effect to the above-requested relief, to suspend the rules pursuant to FRAP 2.

In support whereof, Appellants show the Court as follows:

2

## STATEMENT OF FACTS

This appeal arises from the enactment and implementation of N.C.S.L. 2013-381 (hereinafter "HB 589"), which made sweeping changes to North Carolina's election laws. Among other things, HB 589 significantly shortened the early-voting period, eliminated same-day voter registration, prohibited the counting of out-of-precinct provisional ballots, implemented a strict voter identification requirement, eliminated pre-registration for 16 and 17 year olds, expanded the number of poll observers and ballots challengers, and removed discretion from poll workers to keep polling locations open an extra hour on election day.

Appellants brought suit arguing that various provisions of HB 589 violated the Fourteenth and Twenty-Sixth Amendments to the United States Constitution. The lower court scheduled a trial on the merits for the summer of 2015. Because Appellants' challenges to HB 589 would not be fully resolved before the November 4, 2014 general election, Appellants sought a preliminary injunction to prevent Appellees from implementing the challenged provisions during the pendency of the

litigation. The lower court held a hearing on Appellants' preliminary injunction motion from July 7 to July 10, 2014. On August 8, 2014, United States District Judge Thomas D. Schroeder of the Middle District of North Carolina entered an Order denying Appellants' motion for preliminary injunction.

The District Court's Order permits Appellees to implement the challenged provisions of HB 589 during the upcoming November 4, 2014 general election. If implemented, those provisions will abridge or outright deny the voting rights of large numbers of North Carolina citizens.

## ARGUMENT

### I. THE COURT SHOULD EXPEDITE THIS APPEAL AND ADOPT APPELLANTS' PROPOSED BRIEFING SCHEDULE

The reasons for expediting consideration of this appeal are straightforward. The State of North Carolina will conduct a general election on November 4, 2014. As things currently stand, Appellees are free to implement the challenged provisions of HB 589 during that election, which Appellants believe will have the effect of denying or

4

abridging the right to vote for large numbers of North Carolina citizens. If the Court does not expedite this appeal in order to review the denial of Appellants' motion for a preliminary injunction, the November 4 general election will proceed without appellate review of Appellants' requested relief and the Court will foreclose the possibility of any meaningful review of the District Court's August 8, 2014 Order.[1]

The urgency is amplified by the fact that the last day for voters to register pursuant to HB 589 is October 10, 2014,[2] and that early voting would begin on October 16, 2014, under the relief requested. Thus, as a practical matter, an expedited decision from this Court by early October 2014 is necessary if it is to have any meaningful effect on the upcoming general election and to provide Appellants with any meaningful review of the District Court's Order denying their motion for preliminary review.

---

[1] In addition to this Motion to Expedite, Appellants intend to file later this week a motion for an emergency preliminary injunction pending appeal.

[2] If the Court enjoins the implementation of HB 589, North Carolina citizens will be able to register until the day before Election Day (nearly one month later).

5

Indeed, this case presents precisely the kind of circumstance in which expedited review is mandated by statute, *see* 28 U.S.C. § 1657 ("[E]ach court of the United States shall … expedite the consideration of any action for temporary or preliminary injunctive relief," including cases implicating "a right under the Constitution of the United States or a Federal Statute"), and expressly permitted by the FRAP and this Court's local rules, *see* FRAP 31(a)(2) (providing that an appellate court "may shorten the time to serve and file briefs"); Fourth Circuit Local Rule 12(c) (providing that the Court "may expedite an appeal for briefing and oral argument").

To that end, Appellants propose the following schedule for briefing and oral argument:

| **August 28, 2014** | Appellees' shortened deadline (discussed in Section III, *infra*) to respond to this Motion |
|---|---|
| **September 2, 2014** | Appellants' Brief due |
| **September 9, 2014** | Appellees' Brief due |
| **September 12, 2014** | Appellants' Reply Brief due |
| **September 19, 2014** | Oral argument |

6

Although this proposed schedule is highly expedited, it is not unreasonable in light of the fact that the District Court's decision (and therefore any possible decision by this Court) will directly affect every registered voter in North Carolina who casts a ballot in the November 2014 general election. Indeed, this Court has previously expedited a voting-law-related appeal in advance of an upcoming election. *See, e.g., Lytle v. Commissioners of Election of Union County*, 541 F.2d 421, 423 (4th Cir. 1976) ("Hearing the case on expedited appeal, we affirmed the holding of the district court that the residency requirements of the election plan in Union County were unconstitutional."). This Court has also previously recognized that the results of an election, once conducted, cannot easily (if at all) be undone. *See Republican Party v. N.C. State Bd. of Elections*, Nos. 94-1057 and 94-1113, 1994 U.S. App. LEXIS 14961, *6 (4th Cir. 1994) ("[W]ithout preliminary relief, [the political party] would suffer irreparable harm of constitutional magnitude through the degradation of its position in the electoral process during the November 1994 elections.").

Appellants, moreover, are more than willing to comply and capable of complying with the proposed schedule.

For these reasons, Appellants urge the Court to expedite the schedule for briefing and oral argument in this appeal and to issue a decision in early October 2014.

### II. THE COURT SHOULD ORDER THAT THIS APPEAL MAY PROCEED ON THE ORIGINAL RECORD, OR IN THE ALTERNATIVE, SHOULD ORDER THAT PREPARATION OF THE APPENDIX MAY BE DEFERRED UNTIL AFTER BRIEFS HAVE BEEN FILED

Rule 30(f) of the Federal Rules of Appellate Procedure provides that the Court may "dispense with the appendix and permit an appeal to proceed on the original record with any copies of the record, or relevant parts, that the [C]ourt may order the parties to file." *See also* Fourth Circuit Local Rule 30(d) (stating that an appendix may be significantly abbreviated when a case is expedited). Consistent with this, Appellants request that the Court dispense with the requirement of a joint appendix (except for the abbreviated requirements set forth in Local Rule 30(d)) and allow this appeal to proceed on the original record. In the alternative, Appellants request that the Court permit the

8

filing of any joint appendix to be deferred until after the parties shall have filed their briefs in this appeal.

### III. THE COURT SHOULD SHORTEN APPELLEES' DEADLINE TO A PERIOD OF THREE DAYS TO RESPOND TO APPELLANTS' MOTION

Rule 27(a)(3)(A) of the Federal Rules of Appellate Procedure provides that responses to motions "must be filed within 10 days after service of the motion unless the [C]ourt shortens or extends the time." In light of the extensive briefing and discussion that the issues involved in this case have already received in the District Court below, Appellees should not need 10 days to respond to this Motion. For this reason, Appellants request that the Court shorten Appellees' response deadline to a period of three days.

### STATEMENT PURSUANT TO FOURTH CIRCUIT LOCAL RULE 27(a)

Counsel for Appellees have been notified of the intended filing of this Motion. Prior to filing this Motion, Appellants conferred with Appellees regarding this proposed schedule, request to dispense with the appendix, and request to shorten Appellees' time to respond.

9

Counsel for Appellees advised that they will oppose the motion in its entirety and intend to file a response.

WHEREFORE, Appellants pray that the Court grant the relief requested in this Motion and award such other and further relief as the Court may deem appropriate.

Respectfully submitted, this the 25th day of August, 2014.

| PERKINS COIE LLP | POYNER SPRUILL LLP |
|---|---|
| /s/ Marc E. Elias | /s/ Edwin M. Speas, Jr. |
| Marc E. Elias | Edwin M. Speas, Jr. |
| D.C. Bar No. 442007 | N.C. State Bar No. 4112 |
| MElias@perkinscoie.com | espeas@poynerspruill.com |
| John M. Devaney | John W. O'Hale |
| D.C. Bar No. 375465 | N.C. State Bar No. 35895 |
| JDevaney@perkinscoie.com | johale@poynerspruill.com |
| Elisabeth C. Frost | Caroline P. Mackie |
| D.C. Bar No. 1007632 | N.C. State Bar No. 41512 |
| EFrost@perkinscoie.com | cmackie@poynerspruill.com |
| 700 Thirteenth Street, N.W., Suite 600 | P.O. Box 1801 (27602-1801) |
| Washington, D.C. 20005-3960 | 301 Fayetteville St., Suite 1900 |
| Telephone: (202) 654-6200 | Raleigh, NC 27601 |
| Facsimile: (202) 654-6211 | Telephone: (919) 783-6400 |
|  | Facsimile: (919) 783-1075 |
| Joshua L. Kaul |  |
| Wisconsin Bar No. 1067529 | *Counsel for Duke Plaintiff-Intervenors* |
| JKaul@perkinscoie.com | *(Local Counsel in District Court)* |
| 1 East Main Street, Suite 201 |  |
| Madison, WI 53705 |  |
| Telephone: (608) 294-4007 |  |
| Facsimile: (608) 663-7499 |  |

*Counsel for Duke Plaintiff-Intervenors*

11

# CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on August 25, 2014, I served a copy of the foregoing Appearance of Counsel Form via e-mail and United States mail, with first-class postage prepaid, and via e-mail, addressed to the following persons:

*Counsel for Defendant Patrick McCrory*

Karl S. Bowers, Jr.
BOWERS LAW OFFICE LLC
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com

Robert C. Stephens
General Counsel
OFFICE OF THE GOVERNOR
OF NORTH CAROLINA
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
E-mail: bob.stephens@nc.gov
Of Counsel

*Counsel for Defendants State of North Carolina and Members of the State Board of Elections*

Alexander Peters, Esq.
Katherine A. Murphy
NC DEPARTMENT OF JUSTICE
PO Box 629
Raleigh, NC 27602
Telephone: (919) 716-6913
E-mail: apeters@ncdoj.gov
E-mail:kmurphy@ncdoj.gov

Thomas A. Farr, Esq.
Phillip J. Strach, Esq.
Michael D. McKnight, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
4208 Six Forks Road
Raleigh, NC 27609
Telephone: (919) 787-9700
thomas.farr@ogletreedeakins.com
phil.strach@ogletreedeakins.com

Amy M. Pocklington
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 E. Byrd St., Ste. 900
Richmond, VA  23230

Respectfully Submitted,

/s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.

12