UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

RECORD NO. 14-1845(L)

**LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; A. PHILIP RANDOLPH INSTITUTE; UNIFOUR ONESTOP COLLABORATIVE; COMMON CAUSE NORTH CAROLINA; GOLDIE WELLS; KAY BRANDON; OCTAVIA RAINEY; SARA STOHLER; HUGH STOHLER,**

*Plaintiffs*,

and

**LOUIS M. DUKE; CHARLES M. GRAY; ASGOD BARRANTES; JOSUE E. BERDUO; BRIAN M. MILLER; NANCY J. LUND; BECKY HURLEY MOCK; MARY-WREN RITCHIE; LYNNE M. WALTER; EBONY N. WEST,**

*Intervenors/Plaintiffs –Appellants*,

v.

**STATE OF NORTH CAROLINA; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina,**

*Defendants – Appellees*.

RECORD NO. 14-1856

**NORTH CAROLINA STATE CONFERENCE OF BRANCHES OF THE NAACP; ROSANELL EATON; EMMANUEL BAPTIST CHURCH; BETHEL A. BAPTIST CHURCH; COVENANT PRESBYTERIAN CHURCH; CLINTON TABERNACLE AME ZION CHURCH; BARBEE'S CHAPEL MISSIONARY BAPTIST CHURCH, INC.; ARMENTA EATON; CAROLYN COLEMAN; JOCELYN FERGUSON-KELLY; FAITH JACKSON; MARY PERRY; MARIA TERESA UNGER PALMER,**

*Plaintiffs – Appellants*,

and

**NEW OXLEY HILL BAPTIST CHURCH; BAHEEYAH MADANY; JOHN DOE 1; JANE DOE 1; JOHN DOE 2; JANE DOE 2; JOHN DOE 3; JANE DOE 3,**

*Plaintiffs*,

v.

**PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections,**

*Defendants – Appellees.*

RECORD NO. 14-1859

**LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; A. PHILIP RANDOLPH INSTITUTE; UNIFOUR ONESTOP COLLABORATIVE; COMMON CAUSE NORTH CAROLINA; GOLDIE WELLS; OCTAVIA RAINEY; HUGH STOHLER; KAY BRANDON; SARA STOHLER,**

*Plaintiffs – Appellants*,

and

**LOUIS M. DUKE; CHARLES M. GRAY; ASGOD BARRANTES; JOSUE E. BERDUO; BRIAN M. MILLER; NANCY J. LUND; BECKY HURLEY MOCK; MARY-WREN RITCHIE; LYNNE M. WALTER; EBONY N. WEST,**

*Intervenors/Plaintiffs*,

v.

**STATE OF NORTH CAROLINA; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina,**

*Defendants – Appellees*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

**MOTION OF DEFENDANTS-APPELLEES FOR RECALL AND STAY OF MANDATE PENDING FILING AND DISPOSITION OF PETITION FOR A WRIT OF CERTIORARI**

3

Pursuant to Federal Rule of Appellate Procedure 41(d)(2) and Fourth Circuit Local Rule 41, all Defendants-Appellees respectfully move the Court to recall and to stay the mandate in the above-captioned cases pending the filing and disposition of a petition for writ of certiorari with the United States Supreme Court.

### INTRODUCTION

This Court entered its judgment and the mandate in these matters earlier today, October 1, 2014. (Docs. 81-1, 82). Because the Court shortened the usual seven-day deadline for issuance of the mandate and immediately entered the mandate at the same time it entered its opinion and judgment, Defendants-Appellees did not have an opportunity to file a motion to stay the mandate before it was issued. *See* Fed. R. App. P. 41(b).[1]

Defendants-Appellees intend to file a petition for a writ of certiorari with the United States Supreme Court within the ninety days permitted. *See* Sup. Ct. R. 13.1. Defendants-Appellees therefore request a stay that does not exceed the date on which their petition for a writ of certiorari must be filed (December 30, 2014) with a continuance of the stay following official notification to this Court that the petition has been filed. Fed. R. App. P. 41(d)(2)(B).

---

[1] Defendants-Appellees did ask at oral argument that the Court stay its order should it reverse the district court, but the majority opinion does not address or consider the oral motion for a stay.

4

Counsel for all Plaintiffs-Appellants have been notified of this Motion as required by Local Rule 27(a). Plaintiffs-Appellants have responded that they oppose the requested stay and intend to file a response in opposition to it.

**REASONS WHY THE COURT'S MANDATE SHOULD BE RECALLED AND STAYED**

This Motion should be granted because the petition for a writ of certiorari will (1) present a "substantial question" and (2) because there is "good cause" for a stay. Fed R. App. P. 41(d)(2)(A); Local Rule 41. The United States Supreme Court has required an applicant for a stay pending the filing and disposition of a petition for a writ of certiorari to show the following: "(1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

Here, for the reasons discussed in Defendants-Appellees Brief (Doc. 56) and those stated in the dissenting opinion of the Honorable Diana Gribbon Motz (Doc. 80, pp. 57-69), which are hereby incorporated by reference, the district court did not abuse its discretion in denying Plaintiffs-Appellants' motion for a preliminary injunction. Additionally, "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (citing *New Motor*

5

*Vehicle Bd. Of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977)). As Judge Motz noted in her dissent, this is particularly true with "a statute that, for now at least, has not been rendered invalid." (Doc. 80, p. 59). This Court's order that North Carolina revive Same-Day Registration ("SDR") and Out-of-Precinct Voting less than five weeks before the November 2014 general election and three weeks before poll workers in all of North Carolina's 100 counties will have to begin attempting to allow voters to register and to vote on the same day through SDR is completely contrary to the Supreme Court's clear directive to avoid such last-minute changes to voting rules. *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase.").

Just two days ago, five justices of the Supreme Court voted to stay a preliminary injunction entered by the United States District Court for the Southern District of Ohio enjoining the enforcement of newly enacted Ohio laws that, among other changes, shortened that state's early voting period and eliminated SDR. A copy of the Supreme Court's order has been filed with this Court. *See* Doc. 79. The stay followed an order by the United States Court of Appeals for the Sixth Circuit affirming the district court's preliminary injunction. The stay entered by the Supreme Court indicates that the Court determined it was likely to find

6

probable jurisdiction and reverse the judgment in that case and is a strong indication that it will do the same in these cases.  Moreover, the Sixth Circuit panel relied upon heavily by the majority here has today vacated its decision on its own motion.  *Ohio State Conference of N.A.A.C.P. v. Husted*, No. 14-3877, Doc. 53-1 (6th Cir. Oct. 1, 2014).

A stay will ensure that North Carolina can conduct an orderly election and will prevent the possibility of widespread confusion regarding rules for registering and voting among both poll workers and the public.

## CONCLUSION

For the foregoing reasons, this Court should recall the mandate issued today and stay it pending Defendants-Appellees' timely filing of a petition for a writ of certiorari.  Under  Fed. R. App. P. 41(d)(2)(B), the stay should be extended upon the filing of the petition and should remain in place through final disposition of the petition by the United States Supreme Court.

This the 1st day of October, 2014.

                                  ROY COOPER
                                  ATTORNEY GENERAL OF NORTH CAROLINA

                                  /s/ Alexander McC. Peters
                                  Alexander McC. Peters
                                  Senior Deputy Attorney General
                                  N.C. State Bar No. 13654
                                  apeters@ncdoj.gov

/s/Katherine A. Murphy
Katherine A. Murphy
Special Deputy Attorney General
N.C. State Bar No. 26572
kmurphy@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763
*Counsel for Defendants North Carolina
and State Board of Election Defendants*

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

/s/ Thomas A. Farr
Thomas A. Farr
N.C. State Bar No. 10871
thomas.farr@ogletreedeakins.com

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456
phil.strach@ogletreedeakins.com

/s/Michael D. McKnight
Michael D. McKnight
N.C. State Bar No. 36932
michael.mcknight@ogletreedeakins.com

4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
*Co-counsel for Defendants North Carolina
and State Board of Election Defendants*

8

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com
*Counsel for Governor Patrick L. McCrory*

By: /s/ Robert C. Stephens

Robert C. Stephens (State Bar #4150)
General Counsel
Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov
*Counsel for Governor Patrick L. McCrory*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2014, I caused the foregoing Motion of Appellees for Recall and Stay of Mandate Pending Filing and Disposition of Petition for a Writ of Certiorari to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all parties or their counsel of record.

/s/ Thomas A. Farr
*Counsel for Appellees*
*North Carolina and*
*State Board of Election Defendants*